**Elsa M. WHITE, Plaintiff,**

v.

**WAL–MART STORES, INC., Defendant.**

**Civil No. 93–CV–6071L.**

United States District Court,
W.D. New York.

April 24, 1996.

Norman A. Palmiere, Palmiere & Pellegrino, Rochester, NY, for plaintiff.

Michael J. Kanaley, Jr., Kenney, Kanaley, Shelton, Notaro, Liptak & Laing, L.L.P., Buffalo, NY, for defendant.

## DECISION AND ORDER

LARIMER, Chief Judge.

### BACKGROUND

Plaintiff, Elsa M. White, commenced this diversity action seeking damages for injuries suffered on July 9, 1991, while she was shopping at a store owned by defendant Wal-Mart Stores, Inc. Plaintiff's first metatarsal bone in her right foot was broken when one of defendant's employees dropped a ladder on her foot.

On November 28, 1995, after a jury trial, the jury returned a verdict in favor of plaintiff. The jury also awarded her damages, including $1000 in damages for past and future pain and suffering.

Plaintiff now moves for a new trial on damages pursuant to Rule 59(a) of the Federal Rules of Civil Procedure. Plaintiff's motion is limited to the damages for pain and suffering.

### DISCUSSION

■ The Second Circuit has stated that a court may "reject a damage award if it is 'so grossly and palpably inadequate as to shock the court's conscience.'" *In re Brooklyn Navy Yard Asbestos Litigation*, 971 F.2d 831, 853 (2d Cir.1992). This power, however, is not to be exercised lightly, for "[p]inning dollar amounts to suffering is inherently subjective, and peculiarly within the province of the jury." *Id.* (quoting *Korek v. United States*, 734 F.2d 923, 929 (2d Cir.1984)).

■ In determining whether a damage award is either excessive or inadequate, the court may look for guidance to damages awarded in similar cases. *Martell v. Boardwalk Enterprises, Inc.*, 748 F.2d 740, 750 (2d Cir.1984). Such awards are not binding on the court, but are merely instructive. *Id.*

■ In support of her motion, plaintiff has submitted a copy of a decision rendered by the New York State Court of Claims after a bench trial, awarding $30,000 for pain and suffering (reduced twenty percent to account for the claimant's negligence) to a claimant who sustained a fracture of the fourth and fifth metatarsals of her left foot due to the defendant's negligence in maintaining a concrete deck at a public beach. *Randall v. State of New York*, Claim No. 73237 (Ct.Cl. Sep. 26, 1988), Plaintiff's Motion Ex. B.

Other than *Randall*, there appear to be few reported cases from New York involving injuries comparable to the injury in the case at bar. In *Passalacqua v. Skop*, 142 A.D.2d 723, 531 N.Y.S.2d 304 (2d Dep't 1988) (mem.), a jury awarded $13,636.66 (before reduction to account for the plaintiff's negligence) for pain and suffering and out-of-pocket expenses of a plaintiff who sustained a fracture of his right fifth metatarsal, a laceration of his chin, and back spasms as a result of having fallen down a staircase that had been negligently maintained by the defendant. On appeal, the court held that the award was sufficient, particularly since the evidence adduced by the defendant had undermined the plaintiff's credibility with respect to the impact of his injuries.

As a result of her injuries, plaintiff in the case at bar was confined to her home for three weeks, and was out of work for nine weeks. She also testified that she has continued to suffer occasional pain in her foot. Plaintiff's treating physician, Dr. Edward C. Tanner, testified that in December 1992 plaintiff was continuing to experience tightness in her foot muscles, weakness, and swelling. *See* Transcript, Plaintiff's Motion

Ex. A at 18. He stated that plaintiff's pain would likely continue. *Id.* at 21, 23.

Dr Tanner also stated, however, that as of August 27, 1991, some seven weeks after her injury, plaintiff was "walking without major pain." *Id.* at 16. In October 1991, his notes reflected that he had placed no limitations on plaintiff's activities, and that despite plaintiff's complaints of "some discomfort" at work, he "thought she was healing well ..." *Id.* at 16–17. He told plaintiff at that time that if her pain did not resolve, he "should see her back in roughly a month," but she did not visit him again until December 1992, over a year later. *Id.* at 17.

Dr. Tanner further testified on cross-examination that on August 27, 1991, plaintiff had indicated to him that she felt "much more comfortable" than she had on her previous visit on August 1. *Id.* at 42–43. He also stated that since 1991, the only evidence that he had of plaintiff's pain was from plaintiff's statements; he found no objective physical or diagnostic evidence showing any abnormality or reason for plaintiff to be continuing to experience pain. *Id.* at 64–65. He stated that injuries such as plaintiff's typically heal uneventfully in six to eight weeks. *Id.* at 65.

Based on the evidence presented, I find that the award in this case, though perhaps not generous, was not "so grossly and palpably inadequate as to shock the court's conscience." *Brooklyn Navy Yard,* 971 F.2d at 853. Certainly plaintiff suffered some pain, but there was evidence from which the jury could have found that within a matter of weeks after the injury, the pain had greatly diminished to the point of occasional discomfort that did not interfere with plaintiff's daily activities. The fact that plaintiff did not see Dr. Tanner between October 1991 and December 1992, after he had told her in October 1991 to see him in a month if her pain had not subsided, may also have led the jury to infer that her pain was relatively mild.

Furthermore, much of the evidence of plaintiff's pain came solely from her own testimony and from her statements to Dr. Tanner. The weight to be given to this evidence therefore depended on plaintiff's

credibility. Since making credibility determinations is a task committed to the jury, *Sorlucco v. New York City Police Dep't,* 971 F.2d 864, 875 (2d Cir.1992), I cannot disregard the possibility that the jury found plaintiff's complaints of pain to be less than credible.

As stated, the award here was not a large one. I also recognize that the awards in *Randall* and *Passalacqua* were larger. An award here comparable to the awards in those cases would not have been unreasonable. Nevertheless, the question on this motion is not whether I would have awarded the same amount awarded by the jury in this case, but whether the verdict was so unreasonably low that it must be set aside. Giving due deference to the discretion of the jury in performing the difficult task of assessing damages for pain and suffering, I cannot find that the award in this case deviated so materially from what would be reasonable that a new trial must be ordered. Plaintiff's motion for a new trial on damages is therefore denied.

### CONCLUSION

Plaintiff's motion for a new trial on the issue of damages (Item 23) is denied.

IT IS SO ORDERED.